IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JORGE ARMANDO OLAYA RODRIGUEZ )<br>)<br>Petitioner, )<br>)<br>)<br>v. )<br>)<br>PAMELA BONDI, in her official capacity as )<br>Attorney General of the United States, *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 1:25-cv-00791-AJT-WBP |

## ORDER

In this habeas petition, Petitioner Jorge Armando Olaya Rodriquez ("Petitioner") challenges his ongoing detention with the United States Immigration and Customs Enforcement ("ICE") without another bond hearing during the adjudication of his asylum application, [Doc. No. 13] (the "Petition"). Nominal Defendant Jeffrey Crawford together with Defendants Pamela Bondi, Todd M. Lyons, James A. Mullan, and Kristi Noem (collectively the "Defendants") have filed a response to the Petition.[1] [Doc. Nos. 15, 16].

Petitioner is a native and citizen of Colombia who entered the United States without legal status on or around April 7, 2023 and was processed for expedited removal under 8 U.S.C. § 1225(b)(1). [Doc. No. 13] ¶¶ 2-3, 25. Ten days later, the Asylum Office for the United States Citizenship and Immigration Services ("USCIS") determined that Petitioner had a credible fear

---

[1] Nominal Defendant Crawford serves as the Director of the Farmville Detention Center, and in this role, confirms that Petitioner is currently detained at the facility but denies that he has any power to determine whether Petitioner should be detained. *See* [Doc. No. 15] at 1-2. Defendant Crawford incorporates by reference the other Defendants' Response to the Petition. *Id.* at 2.

1

of torture, and the Department of Homeland Security ("DHS") issued a Notice to Appear and placed him into formal removal proceedings.[2] *Id.* ¶¶ 3-4. Petitioner remained detained under 8 U.S.C. § 1225(b)(1)(B)(ii), *id.* ¶ 10, until May 1, 2023, when DHS granted Petitioner humanitarian parole,[3] after which, he relocated to Massachusetts where he, until recently, resided with his wife and ten-month-old U.S. citizen daughter, who rely on him for financial support. *Id.* ¶¶ 5, 10. He has no prior criminal history in the United States. *Id.* ¶ 9.

On March 23, 2025, ICE took Petitioner into custody, and he is currently detained at the Farmville Detention Center in Farmville, Virginia. *Id.* ¶ 6. Petitioner alleges that his 2023 parole has never been rescinded, making his current detention unlawful, *id.* ¶¶ 7-8, 14, 32; however, a May 1, 2023 document titled "Interim Notice Authorizing Parole" was issued to and signed by Petitioner confirms that his "parole authorization is valid for one year beginning from the date on this notice and *will automatically terminate* . . . at the end of the one-year period unless ICE provides [him] with an extension at its discretion."[4] [Doc. No. 1-2] at 6 (emphasis added); *see also* [Doc. No. 16-1] ¶ 13. ICE did not extend Petitioner's parole, which means it would have automatically lapsed on May 2, 2024. *See id.*

---

[2] The Notice to Appear charged Petitioner with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i), for being present without admission or parole, and 8 U.S.C. § 1182(a)(7)(A)(i)(I), for lacking a valid entry document. [Doc. No. 16-1] ¶ 11. However, only the charge under 8 U.S.C. § 1182(a)(6)(A)(i) was sustained by the Immigration Judge. [Doc. No. 20] at 4.

[3] The Petitioner was granted parole under 8 U.S.C. § 1182(d)(5)(A):
> The Secretary of Homeland Security may . . . in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.

*Id.* § 1182(d)(5)(A).

[4] The notice also confirms that ICE has the discretion to revoke parole before the one year period "for any reason," [Doc. No. 1-2] at 6, but neither party argues that Petitioner's parole was revoked rather than automatically lapsing after one year.

After he was taken into custody most recently, Petitioner requested that he be granted discretionary parole by ICE pending the adjudication of his pending asylum application, but no decision has been made on this request.[5] [Doc. No. 13] ¶ 12. An Immigration Judge also denied Petitioner's request for bond, finding that *Matter of M-S-*,[6] a 2019 precedential decision issued by the Attorney General, mandates his detention pending further immigration proceedings.[7] *Id.* ¶ 58. There is a scheduled hearing on the merits of Petitioner's asylum application on July 17, 2025. [Doc. No. 16-1] ¶ 17. In the Petition, he asks that the Defendants give him a second bond hearing before the Executive Office for Immigration Review, at which time, Petitioner argues that the Defendants should demonstrate that his continued detention is necessary. [Doc. No. 13] ¶ 17.

Any individual who "arrives in the United States," or "is present" in this country but "has not been admitted," is treated as "an applicant for admission." 8 U.S.C. § 1225(a)(1). Applicants for admission are either covered by Section 1225(b)(1)[8] or 1225(b)(2).[9] Both provisions require that any applicant for admission remain detained until their asylum application is fully adjudicated or until removal proceedings conclude. *Id.* § 1225(b)(1)(B)(ii); *Id.* § 1225(b)(2)(A); *see also Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). Furthermore, individuals, like Petitioner, who are transferred from expedited to full removal proceedings are ineligible for bond. *See Matter of M-S-*, 27 I. & N. Dec. 509, 519 (A.G. 2019); *see also Matter of Q. Li*, 29 I.

---

[5] The Court is without jurisdiction to review a parole decision. 8 U.S.C. § 1252(a)(2)(B)(ii).
[6] *Matter of M-S-* holds that where an unlawful immigrant is moved from expedited removal proceedings into full removal proceedings, the immigrant is ineligible for bond but may be granted parole at DHS' discretion. *See* 27 I&N Dec. 509 (A.G. 2019).
[7] The Immigration Judge did find that if Petitioner were eligible for bond, he would not present a danger to the community or be a flight risk. [Doc. No. 16-1] ¶ 19.
[8] Section 1225(b)(1) applies to individuals deemed to be inadmissible due to fraud, misrepresentation, or lack of valid documentation, or other individuals who receive a special designation by the Attorney General. *See* 8 U.S.C. § 1225(b)(1)(A)(i) and (iii).
[9] Section 1225(b)(2) applies to all other applicants. *See id.* § 1225(b)(2)(A)-(B).

3

& N. Dec. 66 (BIA 2025). Nevertheless, DHS may grant an applicant parole from detention "for urgent humanitarian reasons or significant public benefit." 8 U.S.C. § 1182(d)(5)(A). Such parole "shall not be regarded as an admission of the alien," and where parole expires or is revoked, "the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." *Id.*

As it relates to Petitioner's due process claim, the government contends that Petitioner is an "arriving alien" under 8 U.S.C. § 1225(b)(1), and therefore not entitled to an individualized bond hearing beyond what he has already received. [Doc. No. 16] at 2. However, Petitioner argues that because he has been paroled into the United States and living in the country for years, he should not be considered an "arriving alien," but rather more closely resembles noncitizens detained under 8 U.S.C. § 1226(a) and is therefore entitled to challenge his detention before a neutral arbiter. *See* [Doc. No. 20] at 5.

The Fifth Amendment's Due Process Clause mandates that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. CONST. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). It is well-established that "aliens who arrive at ports of entry—*even those paroled elsewhere in the country for years pending removal*—are 'treated' for due process purposes 'as if stopped at the border,'" thereby qualifying as an arriving alien. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020) (citing *Shaughnessy v. United Sates ex rel. Mezei*, 345 U.S. 206, 215 (1953)) (emphasis added). Where an applicant is an

4

"arriving alien," due process only requires "those rights regarding admission that Congress has provided by statute." *Id.* at 140.

Pursuant to 8 U.S.C. § 1182(d)(5)(A) and *Thuraissigiam*, Petitioner is an "arriving alien" under 8 U.S.C. § 1225(b)(1) even though he has been living in the United States for approximately two years.[10] *See id.* at 139. The fact that Petitioner was granted parole does not demonstrate that he was "admitted" to the United States. *See* 8 U.S.C. § 1182(d)(5)(A) (explaining that granting parole from detention "shall not be regarded as an admission of the alien."). Nevertheless, courts have found that prolonged detention without a proper bond hearing can violate due process, even despite *Thuraissigiam*'s limitation. *See, e.g.*, *Mbalvoto v. Holt*, 527 F. Supp. 3d 838, 847 (E.D. Va. 2020) ("[A]t some point immigration detention becomes unreasonable and therefore unconstitutional." (citing *Zadvydas*, 533 U.S. at 701)); *Sonko v. Bondi*, No. 1:24-cv-01782-MSN-WBP, 2025 WL 1662749, at *4-5 (E.D. Va. Jan. 8, 2025). Here, however, Petitioner has already received a bond hearing and has been detained for approximately three months, which is substantially less than the length of detention that courts have previously determined would constitutionally require a hearing under the Due Process Clause. *See, e.g.*, *Portillo v. Hott*, 322 F. Supp. 3d 698, 707 (E.D. Va. 2018) (fourteen months); *Mauricio-Vasquez v. Crawford*, No. 1:16-cv-01422, 2017 WL 1476349, at *4 (E.D. Va. Apr. 24, 2017) (fifteen months); *Mbalivoto v. Holt*, 527 F. Supp. 3d 838, 842 (E.D. Va. 2020) (twenty-two months);

---

[10] The Court considered whether Petitioner could appropriately be considered a noncitizen detained under Section 1226(a), under which the Attorney General may arrest and detain someone "pending a decision on whether the alien is to be removed from the United States," 8 U.S.C. § 1226(a), and in such circumstances, the detainee is entitled to a bond hearing at the outset of detention. *See Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). Section 1226(a) protections cover individuals given legal status who are then subsequently placed into removal proceedings. *E.g.*, *Rodriguez v. Perry*, 747 F. Supp. 3d 911, 916 (E.D. Va. Sept. 3, 2024) (finding that the award of Special Immigrant Juvenile Status ("SIJS") affords an immigrant to the protections of Section 1226(a), because the SIJS "converted him from being an arriving alien to an alien present in the United States"). Whereas, parole authorization is not considered admittance to the United States, thereby not conferring any legal status in itself. 8 U.S.C. § 1182(d)(5)(A).

*Songlin v. Crawford*, No. 3:19-cv-895, 2020 WL 5240580, at *7 (E.D. Va. Sept. 2, 2020) (sixteen months); *Abreu v. Crawford*, No. 1:24-cv-01782-MSN-WBP, 2025 WL 51475, at *5 (E.D. Va. Jan. 8, 2025) (twenty-five, seventeen, and thirteen months); *Sonko*, 2025 WL 1662749, at *3 (twenty-seven months). Accordingly, in the absence of a statutory requirement that Petitioner receive another bond hearing or a detention that is sufficiently long to violate due process, the Court has no basis upon which it may grant the Petition.[11]

Accordingly, Petitioner's ongoing detention until his asylum application is adjudicated in approximately one month does not violate due process, and it is hereby

**ORDERED** that the Petition, be, and the same hereby is, **DENIED**.

The Clerk is directed to send copies of this Order to all counsel of record.

Alexandria, Virginia
June 24, 2025

/s/
Anthony J. Trenga
Senior United States District Judge

---

[11] Defendants also contends that Petitioner's Immigration and Nationality Act and Administrative Procedure Act claims were improperly brought in habeas proceedings rather than through a civil complaint. [Doc. No. 16] at 30. Petitioner did not respond to these arguments in its Reply. *See* [Doc. No. 20]. Because Petitioner has not responded to these arguments, the Court deems them conceded. *See Amazon.com, Inc. v. WDC Holdings LLC*, No. 1:20-cv-484 (RDA/IDD), 2023 2815140, at *11 (E.D. Va. 2023).